Dickinson agt. Benham.

---

## SUPREME COURT.

J. S. Dickinson and others agt. Darius Benham and others.

Where, *previous* to an *assignment* for the benefit of creditors, made by the defendants, an *attachment* was issued against their property; *held,* that the defendants, *subsequent* to the assignment, might move to vacate the attachment, on the ground that the affidavit upon which it was granted was insufficient.

*Affidavits in opposition* to a motion to set aside an attachment, are to be received only to explain or contradict affidavits offered by the moving party.

Where the defendants stated that "if the plaintiffs' demand were sued, they would make an assignment; and that they owed a large amount of confidential debts which they should provide for;" *held,* no cause for attachment, on the ground that the defendants were about to dispose of their property with intent to defraud their creditors. The *law allows* debtors to make assignments for the benefit of their creditors, *and to give preferences* in payment.

*New York Special Term, April,* 1860.

MOTION by defendants to vacate and set aside an attachment.

Dickinson agt. Benham.

BONNEY, Justice. On the 14th January, 1860, a warrant of attachment was issued in this action, on allegations that defendants were about to dispose of their property, with intent to defraud their creditors. (*Code*, § 229.)

The defendants, on summons, affidavit and warrant, now move to set aside the attachment, with costs, on the ground that the affidavit does not state facts sufficient to authorize it.

The plaintiffs, as a preliminary objection to the motion, offer to show by affidavit that the defendants, on the 21st of January, 1860, made an assignment of all their property for the benefit of their creditors, giving preferences, and insist that defendants have consequently no present interest in the property attached, and therefore cannot make this motion. I do not think this affidavit can be received, nor, in my opinion, would this objection avail if the supposed fact appeared. The Code (§ 241) gives defendants the right to move to discharge an attachment, *as in the case of other provisional remedies*, and I understand the rule to be as to all provisional remedies, that the persons against whom they are taken may move to vacate them, on the ground that the papers on which they were allowed were insufficient, and that the remedies or process were illegally or improvidently granted.

The authorities on which the plaintiffs rely, at the utmost, only decide that the party against whom an attachment is issued, cannot move its discharge when he had no interest in the property attached at the time when the attachment was issued or levied, which is not this case.

Additional affidavits are also offered by plaintiffs to sustain the attachment ; to the reception of which defendants' counsel objects. I have examined the authorities cited by plaintiffs' counsel to sustain his offer, and following the case of *Wilson* agt. *Britton* (6 *Abbott*, 33), hold that affidavits in opposition to a motion to set aside an attachment

are to be received only to explain or contradict affidavits offered by the moving party.

In this case the motion is made on the original affidavits alone, and consequently no affidavits on the part of the plaintiffs are admissible.

The only facts stated in the original affidavit to sustain the allegation that defendants were about to dispose of their property, with intent to defraud their creditors are, that when defendants were called upon to give security for plaintiffs' demand, or a part of it, they refused, "*And then stated that if the plaintiffs' demand were sued, they would make an assignment; and that they owed a large amount of confidential debts, which they should first provide for.*" The law of this state allows debtors to make an assignment of their property for the benefit of their creditors, and to give preferences in payment; and it appears to me that this statement, fairly construed, amounts only to a declaration, that in case an action was commenced by plaintiffs, the defendants would exercise this legal right; and I cannot consider such declaration any evidence that defendants were about to dispose of their property with intent to defraud creditors.

The case of *Wilson* agt. *Britton* (*supra*) is direct authority for this decision.

The motion is granted, with ten dollars costs.

———— ◆◆ ————

## SUPREME COURT.

