---

## SUPREME COURT.

JOHN S. DICKERSON and others agt. DARIUS BENHAM and others.

Although it is the practice in the first district, on motion to vacate attachment made solely upon the insufficiency of the original papers upon which it was granted; that *opposing affidavits* to support the attachment are *inadmissible,* yet such opposing affidavits will be allowed where since the original application has been made, it appears that there has been a change in the relation and condition of the parties, such as a general assignment by the defendant for the benefit of creditors.

A *general assignment* by a defendant of his property for the benefit of his creditors, does not deprive the defendant of the right to make a motion to *vacate an attachment,* previously granted against him; his *interest* in the property is not entirely divested.

It is well settled, that a *threat* made by a debtor to his creditor to make an *assignment* of his property for the benefit of his creditors, is no evidence of an intended *fraudulent disposition* of his property, so as to authorize an attachment to issue against him. And this is so, although the debtor promised when the debt was created to give the creditor *collateral security* for the debt, which he failed to do.

*New York General Term, November,* 1860.
Sutherland, Bonney and Hogeboom, *Justices.*
Appeal from order, setting aside attachment.

H. Brewster, *for plaintiffs.*
C. D. Newman, *for defendants.*

By the court, Hogeboom, Justice.    I think the order appealed from must be affirmed.

The decisions are conflicting, but the practice in this district seems to be that, where the motion to vacate or set aside an attachment is made solely upon the insufficiency of the original papers to warrant the issuing of an attachment, opposing affidavits to support the attachment are inadmissible.  (*Wilson* agt. *Britton,* 6 *Abbott,* 34; *S. C. on appeal,* 6 *Abbott,* 97; *see also, N. Y. and Erie Bank* agt. *Codd,* 11 *How. Pr. R.,* 221; *Furman* agt. *Walter,* 13 *How.,* 348.)  See Code, section 241, which says the defendant may move to discharge the attachment as in the case of other provisional remedies; sections 204, 205, as to arrest and bail; sections 225, 226, as to injunctions.  See further, on the general question of the admissibility of affidavits in support of the original application for the attachment, (*Bank of Commerce* agt. *Rutland & Washington R. R. Co.,* 10 *How. Pr. R.,* 1; *Morgan* agt. *Avery,* 2 *Code Reporter,* 91; *Cammann* agt. *Tompkins,* 1 *Code Rep. N. S.,* 12; *St. Amant* agt. *De Beixcedon, Id.,* 104; *Genin* agt. *Tompkins,* 12 *Barb.,* 265.)  There is more reason for contending that affidavits on the part of the plaintiff in this case, are admissible so far as they relate to facts which have taken place since the original application was made, and are intended to show, not additional circumstances of fraud in support of the application, but a change in the relation and condition of the parties, which affects the right to make the motion. The general assignment made by the defendants is of that character, and is designed to show that the defendants have

Dickerson agt. Benham.

no longer any interest in making the motion. To that extent, at all events, I think the subsequent affidavits are admissible.

The more important question, however, is whether the new fact thus introduced, to wit: the general assignment by the defendants of their property to an assignee, in trust for the payment of debts is a fact which deprives the defendants of the right to make the motion. Does it show that they have no interest in the question? It may be that only a person in some way injured by the attachment will be allowed to move to set it aside, (*Furman* agt. *Walter*, 13 *How.*, 350,) but a party who has made an assignment of his property in trust to pay his creditors, cannot be said to be divested of all interest in it. He has chosen to do what he had a right to do, appropriate his property in the first instance, to the payment of some debts in preference to others, and it is quite conceivable that he may have a pecuniary interest, as well as a personal feeling in having his property thus applied. And as the ultimate reversion of the property is to himself after his debts are paid, he cannot be said to be wholly without an interest in the question. The existence of the attachment may also very unfavorably affect the sale of his property in the hands of his assignee, and it seems, therefore, proper to hear the assignor on the question of the validity of the attachment, if indeed, he may not be presumed to make the motion for the benefit of the assignee or his other creditors as well as himself. The sheriff, under the attachment, is also authorised to *collect* and receive into his possession all debts, credits and effects of the defendants, and to take legal proceedings to effect such purpose in the *defendants' name.* (*Code*, § 232.) I am disposed, therefore, to hold, in accordance with the opinion of the judge at special term, that the defendants have a sufficient interest in this question, to bring the same before the court.

On the merits I concur with the court below. It can no

longer be regarded as an open question whether a mere threat to make an assignment, which is a threat to do a perfectly lawful act, is evidence of an intended fraudulent disposition of property. It is authoritatively decided that it is not. ( *Wilson* agt. *Britton*, 6 *Abbott*, 34, 97·; *S. C.*, 20 *Barb.*, 562; *Van Alstyne* agt. *Van Allen*, 1*st District*, MSS.)

It is, however, contended that in this particular case, such a threatened disposition of property might be regarded as evidence of fraud, inasmuch as by the terms of the original purchase, the defendants agreed to furnish the plaintiffs with collateral security, which they not only failed to do, but appropriated the whole of their means to a different object. There would be color for this argument, if, as was suggested by defendants' counsel, the collateral security thus provided, consisted of the notes of their own customers given to themselves in payment for goods purchased of the defendants, but on recurring to the papers, it nowhere appears that the collateral security was to be of this character. It might, therefore, just as well be the accommodation note or bond, or other evidence of debt of a third person, and in such case the assignment by the debtor of his property, would not be a violation of the promise made to the plaintiffs to furnish them with collateral security for their debt.

The order of the special term must be affirmed, with ten dollars costs.