## BREWER *a.* TUCKER.

*New York Superior Court; Special Term, September,* 1861.

REGULARITY OF ATTACHMENT.—EFFECT OF ASSIGNMENT.—RIGHT
TO USE AFFIDAVITS.

Where an attachment had been obtained on an affidavit in which the material
facts were stated only on information and belief, and the sources of the infor-
mation were not given,—*Held,* that the attachment must be set aside.

On a motion to discharge an attachment, the plaintiff cannot support his attach-
ment by additional affidavits in regard to facts existing at the time the attach-
ment was issued, except when the motion is made on affidavits on the part of
the defendant.

The fact that a defendant, against whom an attachment has been issued, has made
an assignment of all his property in trust for creditors, either before or after
the issuing of the attachment, does not preclude him from moving to set aside
the attachment.

On a motion to set aside an attachment, made upon the affidavit on which the
attachment was issued, the defendant made affidavit to procure an order to show
cause, pursuant to section 402 of the Code, instead of giving the ordinary notice
of motion. *Held,* that this did not entitle the plaintiff to oppose the motion by
additional affidavits.

Motion to discharge an attachment.

This was an action upon a promissory note of $1094.79. The
plaintiff procured an attachment upon the defendant's property
upon the following affidavit:

[Title of the cause.]   City and County of New York, *ss.*:
Benjamin Newhouse of said city, being duly sworn, says, that
on or about the seventh day of April, 1860, he sold and deliv-
ered to the defendant, at the city of New York, a large quantity
of general household furniture, amounting to nine thousand
dollars and upwards, which said furniture said defendant used
to furnish the "New Irving House" in this city, a hotel kept
and occupied since that time by said defendant.   That said
defendant gave this deponent his notes for various amounts for
said furniture.   That the plaintiffs are now the lawful owners
and holders of one of said notes, now past due and wholly unpaid,

for the sum of $1094.79, with interest. That said note was received by said plaintiffs in the regular course of business, before maturity, and for a valuable consideration.

That, as deponent is informed and believes, said defendant is about to leave this State in a very short time, and take with him his family, and that he is going to Europe.

That, as deponent is informed and believes, said defendant has packed up a large amount of silver-ware, and other valuables, which said defendant is about to take away with him out of this State, and which are the property of said defendant.

That, as deponent is informed and believes, said defendant is making arrangements to convert other portions of his property into cash, with the intention, as deponent verily believes, of removing the same from this State.

That the said defendant has repeatedly said that he did not intend to pay one cent for the notes so given by him to this deponent, for the furniture sold as aforesaid, as deponent is informed and believes; and deponent verily believes that said defendant's intention in removing and disposing of his property as aforesaid is to defraud his creditors.

[Jurat.]                                        [Signature.]

The defendant moved to set aside the attachment under circumstances and upon papers which are sufficiently stated in the opinion.

*J. F. Harrison*, for the motion.

*F. R. Dykers*, in opposition.

HOFFMAN, J.—The action is to recover the amount of a promissory note made by the defendant.

I. The affidavit on which the attachment was obtained is insufficient. Not a fact is stated which could justify the process, except upon information and belief. The sources of the information—the persons from whom it was obtained—are not named, much less is any affidavit furnished made by any such person. (St. Amant *a.* De Beixcedon, 3 *Sandf.*, 703; Furman *a.* Walter, 13 *How. Pr.*, 348; Blason *a.* Bruno, 21 *Ib.*, 112.)

II. I consider the rule to be settled, that it is only when a motion to discharge an attachment is made on affidavits on the

part of the defendant, that the plaintiff can support his case by additional affidavits.    (Genin *a.* Tompkins, 12 *Barb.*, 265; Wilson *a.* Britton, 6 *Abbotts' Pr.*, 33; Mr. Justice Bonney's statement of the rule of the Supreme Court in this district in the case of Dickenson *a.* Benham, 10 *Ib.*, 390, and 19 *How. Pr.*, 410; *Gen. T.*, Dickenson *a.* Benham, 12 *Abbotts' Pr.*, 138; S. C., 20 *How. Pr.*, 343; *N. Y. Superior Ct., Sp. T.,* Granger *a.* Schwartz, 11 *N. Y. Leg. Obs.*, 346.)

The last clause of section 241 of the Code was adopted in April, 1857, and provides, "that, in all cases, the defendant may move to discharge the attachment as in the case of other provisional remedies." He then moves, not upon giving security, but upon the law and merits of the case.

The language appears to indicate not merely that he may move, as in the case of an arrest, for example, but also that he is to move under similar rules and provisions. The rule is quite clear, that in cases of arrest or injunction, affidavits to support the plaintiff's case are inadmissible where the defendant moves on the original papers merely.

But in the case of Dickenson *a.* Benham (20 *How. Pr.*, 343), it was ruled at general term that additional affidavits are admissible, to show facts occurring since the original application was made; and an affidavit was there allowed to be read, to show that a general assignment of all his property had been made by the defendant.

III. The third and more difficult question relates to the defendant's right to make the motion. In the affidavit on which the order to show cause was granted, it was sworn to by the defendant, that previous to the granting of such attachment this defendant had executed an assignment of all his property in trust, for the benefit of his creditors, to J. P. Sullivan, that said attachment has been levied upon property so assigned by this defendant to said Sullivan, and now in his possession, and the said assignee is embarrassed in the disposition of the said property by the claim of the sheriff under said attachment, and the defendant is desirous of a speedy hearing of a motion to discharge such attachment.

The case of Dickenson *a.* Benham (12 *Abbotts' Pr.*, 138; S. C., 20 *How. Pr.*, 343), before referred to, is an express decision, at general term, that the fact of the defendant having made a gen-

Brewer *a.* Tucker.

eral assignment for the benefit of creditors after the attachment had issued, does not prevent his moving to discharge it. The case of Furman *a.* Walter (13 *How. Pr.*, 348) is cited, as deciding that only a party who is some way injured by the process can move to discharge it, and it is held that an assignor for creditors has such a reversionary interest, if there should be a surplus, and such an interest on the appropriation as to justify his motion.

In Furman *a.* Walter, the transfer was an absolute and unconditional sale of a stock of goods.

In the present case, the assignment was made before the attachment, but no solid distinction exists on this ground. The residuary interest is as great in the one case as in the other.

It may be urged with force, that such an assignment operates to transfer the right of property, the possession, the exclusive dominion and control of property, and that only a remote conditional possibility of interest remains in the assignor; that if the property belonging to the assignee is illegally interfered with, his mode of redress is open and available, and that to allow one who could not take possession, or exercise the least control, to interfere and remove an obstruction or apparent lien upon the property, seems anomalous. I do not feel at liberty, at special term, to disregard so express an authority from so high a source.

There remains one point to be noticed which was but slightly dwelt upon on the argument—viz., whether the affidavit of the defendant, on which the order to show cause was granted, is not sufficient to let in the further affidavits proffered by the plaintiff. But this affidavit was proffered solely as a ground for a short order to show cause, and that order specifies "the warrant of attachment, the affidavit of Benjamin Newhouse, and all the papers and proceedings in the action," as the papers on which the motion will be made. I consider that the defendant could not have used this affidavit to obtain the order, had it been in his favor, under such a specification. The last clause of the affidavit is, "said motion to be based upon the proceedings in said action, and upon the affidavit on which the same was granted." A copy of this affidavit was directed to be served with the order to show cause.

The defendant could not, against an objection, have used the affidavit in his favor. But the plaintiff could have used it as

an admission, but not as an affidavit relied on, or available for the defendant on the motion, and hence it is not a ground for admitting his own further affidavit.

I think the attachment must be discharged without costs. Ordered accordingly.