## SUPREME COURT.

### Samuel T. Sanborn and others agt. The Elizabethport Manufacturing Company.

An application by defendant to discharge an *attachment* under § § 240–41 of the Code, is not a motion of which the plaintiff is entitled to *notice*, or of which he is entitled, as a matter of right, to appear and oppose.

*New York Special Term, November,* 1861.

Application by defendants to discharge an attachment.

Barnard, Justice. The application by defendants to discharge the attachment under sections 240 and 241 is purely *ex parte.* Equally so with the plaintiff's application for the warrant. The Code nowhere gives the plaintiff any right to except to the sureties offered by the defendants.

The defendants' attorney, in his affidavit, says, that he gave notice because judges have usually required the defendant to give some short notice to the plaintiff. If such requisition has been made, it was not because the plaintiff was entitled thereto, but that the judge desired the plaintiff to be present as *amicus curiæ* to give the court such information as he may have respecting the sufficiency of sureties, so that, if the circumstances require, greater cau-

tion may be exercised by the judge in testing the sufficiency of the sureties. The application to discharge not being a motion of which the plaintiff is entitled to notice, or which he is entitled, as a matter of right, to appear and oppose, he has no right, when requested to appear as *amicus curiæ*, to move for and take a dismissal of the application, with costs.

If the judge deems it proper that the plaintiff should be present as *amicus curiæ*, and gives direction that he should be notified to be present, then, if the applicant is not present at the specified time, the judge may direct another notice to be given before passing on the application; but he cannot dismiss the application, with costs.

As the plaintiff is only to attend as *amicus curiæ*, I see no objection to his giving his views to the judge, in the absence of defendant, in case defendant is not present at the specified time; and when the defendant appears, the judge will be possessed of all the information he requires, and will act on the application, without the presence of plaintiff. The dismissal of the application, with costs, must be vacated, and set aside, and the defendants be at liberty to present their application *ex parte;* and if the judge to whom the application shall be presented shall require notice to be given to the plaintiff to attend as *amicus curiæ*, then the plaintiff must comply with such directions as the judge may give.