Daly, F. J.
I entertain no doubt, after reading the affidavits, that the defendant Miller made the representations sworn to by Chapman, and that they were false, and were made for the purpose of inducing the plaintiff to send the defendants the large amount of goods which they had ordered. And I think also that Miller’s statement that the firm was solvent and able to pay their debts when this order was given, in July, 1866, and that their insolvency had been occasioned by circumstances which had occurred afterward, without stating what circumstances, or giving any other explanation, is not very satisfactory. But the difficulty which I experience, and which seems to have been felt by the judge below, is in assuming as a conclusion of law that the assignment was made by them solely for the purpose of defrauding their creditors. The assignment is regular upon its face. They have assigned $46,000 worth of goods, and the assignee has given security as required by law for the faithful fulfillment of his trust, in more than the value of the goods, and this has been approved in the manner which the law requires. The security is to be approved, and the bond filed at the time of the filing of the assignment, and if it had not been filed when the attachment was issued, it would be an easy matter for the plaintiff to show it. The certificate of the county clerk would show the day when it was filed. The plaintiff does not aver that he has made any inquiry as to the first, but simply denies in his affidavit that it was filed when the attachment was granted, which is insufficient to overcome the positive statement of the assignee that he filed the bond and schedules as required by law.
It does not follow, because Miller did not disclose to the plaintiff that they had, or were about to make, an assignment, upon the day when the plaintiff called upon him respecting the payment of their note, that the assignment was made with a fraudulent object (Dickenson v. Ben- *180 ham, 20 How. Pr., 343). If it had been shown that they had dishonestly disposed of property, before making the assignment, or had concealed any, there might be some ground for assuming that the assignment was a sham. But it has been shown that $46,000 worth of goods was seized under the plaintiff’s attachment, which had passed to the assignee under the assignment, and was in his possession when the attachment was granted. Whatever may have been the circumstances under which the defendants induced the plaintiff to give them credit, it was six months afterward when they made the assignment, and if they assigned all the property then in their possession for the benefit of their creditors,—and.there is nothing to show that they had previously made any dishonest use of any of it —there would be, as there is, no pretense for assuming that an assignment which is valid upon its face, and for the faithful administration of which security has been given, was made with intent to defraud their creditors; and unless this can be arrived at, as a conclusion of law, from the facts before the court, the attachment cannot be sustained. ' ,
The omission to do any of the acts required under the statute to render the assignment valid, or the alleged fact that A. R. Miller was one of the partners, and has not united in it, or anything establishing the invalidity of the assignment, are not available upon this motion, except so far as it bears upon the question of a fraudulent intent in making the assignment. If it is wanting in any essential requisite to its validity as a legal instrument, it will give the assignee no title to the property, which may then be levied upon by judgment creditors, or other remedies may be taken to prevent the assignee from carrying the trust into effect. But the property cannot be seized in the first instance, nor an attachment sustained, unless the assignment was made with a fraudulent intent, that is, as a cover, the real object being to dispose of the property by the co-operation of the fraudulent assignee, so as to prevent its being applied to the payment of the debts of the firm; and the judge below would not *181 have been warranted, in such a conclusion, by the facts before him.
The order should be affirmed.