## ROWLES and others *vs.* HOARE.

The provision in section 241 of the Code, as amended in 1857, that " in all cases the defendant may move to discharge the attachment, as in the case of other provisional remedies," includes all cases; such as want of jurisdiction in the officer who issued the attachment; fraud in obtaining it; defective papers; and various others.

An application to discharge or vacate an attachment may now be made, in furtherance of justice, upon the real merits of the motion, or for irregularity, or for want of jurisdiction in the officer who granted it, or for any other cause. And such motion may be made after judgment entered, in the action; even though the defendant has appeared and given the undertaking required by sections 240, 241.¹

In cases where the defendant moves upon his own affidavit, or affidavits made on his behalf, the plaintiff may oppose the motion, as in other cases, by affidavits which either explain or contradict those offered by the moving party.

Where the motion is made on the plaintiff's original affidavits, alone, no further affidavits on the part of the plaintiff are admissible.

When the defendant moves, not only upon the original affidavits used in obtaining the attachment, but also upon his own and other affidavits, in order to show the improvidence of issuing it, as well as to show the injustice of issuing it, on account of the unfair statements in the plaintiff's affidavits, and asks to have it vacated and set aside; to be restored to his rights by reason of the action under it; to set aside the judgment; and to be permitted to come in and defend the action, upon the merits, the plaintiff has a right to read affidavits in opposition to each point in his proceedings which is assailed by the defendant in his moving papers, and as to which he asks for relief.

Although an attachment is an extraordinary remedy, not known to the common law, and therefore one which courts should watch with scrupulous jealousy, yet when a creditor fairly brings himself, by his application, within the spirit and intent of the statute authorizing the remedy, he is to be protected in the enjoyment of its advantages.

Where it appeared, upon a motion to set aside a judgment, that it was for an amount exceeding $2500; that to that extent, it was upon a demand for which the defendant, upon a settlement with the plaintiffs, had given them his promissory notes, which were not due when the action was commenced; *Held* that this presented a question of law for trial. That, *prima facie*, this was against the right of the plaintiffs to the judgment, to that extent.

And that even if the facts sworn to by the plaintiffs, in explanation, could overcome this legal presumption, still the court would not, at special term, try a cause upon the merits, on affidavits.

Rowles *v.* Hoare.

MOTION to discharge an attachment and to set aside or vacate judgment, and for other relief.

*H. E. Smith,* for the motion.

*J. Wells,* opposed.

POTTER, J.    The attachment in this case was obtained under the provisions of the Code, and the defendant in such case has two methods of proceeding to obtain a discharge of the attachment; one by entering into an undertaking to the plaintiff, (after appearance,) to the effect that he will pay any judgment to be recovered, and this is almost a matter of right.    Although application must be made to the officer who issued the attachment, or to the court, for an order, it is still but an *ex parte* application, (13 *Abb.* 432; 22 *How. Pr.* 106;) and if granted, the property attached, and all proceeds of property sold, &c., are to be delivered to the defendant.    (*Code,* §§ 240, 241.) This method is impracticable in this case, by reason of a previous attachment having been obtained by other parties, and other complications existing.    Section 241 also provides " that the defendant may move to discharge the attachment as in the case of other provisional remedies." This provision includes all cases, as well cases of want of jurisdiction by the officer who issued it; cases of fraud in obtaining the attachment; cases of defective papers; and various others; though it has been doubted whether, in cases where the attachment has been regularly issued against an absconding debtor, upon sufficient evidence to confer jurisdiction, the order can be reversed. The first decisions holding to this rule were based upon the provisions of the Code as they existed prior to the amendment of section 141, in 1857, which provision added these words : " And in all cases the defendant may move to discharge the attachment, as in the case of other provisional

remedies." There is, therefore, now no conflict in the cases on this point; the statute has settled the question. And an application to discharge or vacate an attachment may now be made, in furtherance of justice, upon the real merits of the motion, or for irregularity, or for want of jurisdiction in the officer who granted it, or for any other cause; and such motion may be made after judgment entered in the action, (*Thompson* v. *Culver*, 15 *Abb.* 97; *Gasherie* v. *Apple*, 14 *id.* 64;) even though the defendant has appeared and given the undertaking required by sections 240, 241. (*Garbutt* v. *Hanff*, 15 *Abb.* 189.) Nor does the fact that the defendant has made an assignment of his property for the benefit of his creditors, deprive him of the right to make the motion. (*Dickinson* v. *Benham*, 20 *How. Pr.* 343. *S. C.*, 19 *id.* 410.)

There is, then, nothing that arises in the way of objection to the defendant's right to make the motion in question now, except the question of laches; and this I think is sufficiently excused in his affidavits, of facts which are not effectually controverted.

The next questions that arise are, what facts may the defendant set up as the ground of his motion? These grounds, we have already stated, are any ground of merits, defective papers, jurisdiction, &c. How, then, may the plaintiff meet such facts? I think the true rule is, in cases where the defendant moves upon his affidavit, or affidavits made on his behalf, that the plaintiff may oppose such motion, as in other cases, by affidavits which either explain or contradict those offered by the moving party. The cases of *Dickinson* v. *Benham*, (19 *How. Pr.* 410,) and *Wilson* v. *Britton*, (6 *Abb.* 33,) present the true rule on this subject, which is as above stated, and also the rule that where the motion is made on the plaintiff's original affidavits alone, no further affidavits on the part of the plaintiff are admissible. In this case, the defendant moves, not only upon the original affidavits used in

Rowles *v.* Hoare.

obtaining the attachment, but also upon his own and other affidavits, in order to show the improvidence of issuing it, as well as to show the injustice of issuing it, on account of the unfair statements in the plaintiff's affidavits, and asks to vacate and set it aside; to be restored to his rights by reason of the action under it; to set aside the judgment, and to be permitted to come in and defend the action upon the merits. According to the spirit of the rule which I have above held to be sound, the plaintiff has a right to read affidavits in opposition to each point in his proceedings which is assailed by the defendant in his moving papers, and as to which he asks for relief. These we will examine in their order. 1st. As to the sufficiency of the affidavits upon which the attachment was issued. Looking at those affidavits made by the plaintiff alone, as we must, upon this point, I think they sufficiently show a cause of action against the defendant, and that they presented evidence sufficient to call for the exercise of the judicial judgment of the county judge, whether the defendant had not departed from the State with intent to defraud his creditors, or to avoid the service of a summons, and also whether he had not assigned his property with like intent. It would not be instructive, and I need not repeat the particulars stated in the affidavit on this point. This objection was not very forcibly insisted upon by the defendant. 2d. The defendant then claims, that if, upon their face, these affidavits shall be held to be sufficient, then, upon the explanations and statements contained in the moving papers, great injustice and wrong was done to the defendant upon those original papers in the case, made and presented to the officer, in obtaining the order for the issuing of the attachment. If this shall so appear to the court, I have no doubt that it is within the power, and it should be the duty, of the court, to correct the injustice and restore the defendant to his rights. In regard to these explanations and statements of the defendant in his moving

Rowles *v.* Hoare.

affidavits, the plaintiff had the right to present affidavits on his part, to contradict or to explain them, or to add to the evidence existing at the time of obtaining the attachment, though since discovered, or to confirm the statement originally made, showing the defendant's indebtedness, if that be the question, and his intent to depart the State, &c., or any other material fact which the defendant controverts in his moving papers in this regard. The plaintiff did present and read affidavits of that character. These affidavits of the plaintiff, so read, though subject to much just criticism for their departure from the issue they were called to meet, and for their statements in many particulars of fact, in positive and evidently partial terms, which could personally only be known to the affiants upon information, such as that the defendant pretended to be sick; and so, too, statements made upon information and belief, without stating the source of information. All such parts of the affidavits read in opposition, amount to no evidence whatever to a court, and must be entirely excluded from this consideration. Still, there were statements of facts in the plaintiff's opposing affidavits not subject to these criticisms; such as of an indebtedness to operatives, of demand of payment and refusal, and the quitting of his employment by these operatives by reason of such refusal; of his departure the next day; of his previous assignment to his son-in-law of his tools, implements and personal property; of his declarations, that he was going to New York; and his departure to the west, and finally from the State; of his leaving skins in his works requiring immediate care; and the weight of evidence that he provided no person to take charge of them, to save them from injury, and his property from great loss. I think the weight of evidence is against the defendant upon his explanation of the reasons of his departure, and of his intent in regard to the payment of his creditors; and as to avoiding the service of process. This being so, though an attachment is an extraordinary

Rowles *v.* Hoare.

remedy, which may be greatly abused by designing men—a remedy not known to the common law, and one, therefore, which courts should watch with scrupulous jealousy, inasmuch as its effects are so destructive to individual credit, and being one which clothes the creditor with such extraordinary power over his debtor's estate, that it should only be granted upon full and satisfactory evidence that the application is well founded—still, when a creditor fairly brings himself, by his application, within the spirit and intent of the statute authorizing this remedial and provisional remedy, he is to be protected in the enjoyment of its advantages.   I must therefore hold that the defendant has not, by the weight of testimony, established that the attachment was improvidently issued; that it was unjustly issued; or that it was unauthorized.   I cannot, therefore, vacate or set it aside, or restore him to the same condition as if it had not been issued.

There is still one other relief prayed for by the defendant, which is, that the judgment obtained by the plaintiff be vacated and set aside, and that the defendant be permitted to come in and defend; and that all future proceedings under said judgment be stayed.   Two objections are made to the granting of this relief, viz., laches in making the application, and want of merit.

In regard to laches, the defendants' affidavits, if true, are sufficient to excuse them.   His sickness and the sickness of his family, and his continued inability to return home after he deliberately determined so to do, is not contradicted by facts or circumstances sufficient to make it doubtful, or to affect the probability of his and the corroborating statements.   As to merits, the uncontradicted statements are, that the judgment is to an amount exceeding $2500 ; that to that extent it was upon a demand for which the defendant, upon a settlement with the plaintiffs, had given them his promissory notes, and those notes were not due when the action was commenced.   This presents a question of

Rowles *v.* Hoare.

law for trial. *Prima facie*, this is against the right of the plaintiffs to this judgment, to that extent. If the facts sworn to by the plaintiffs, in answer to this, upon the equities between the parties, could overcome this legal presumption, still, it must be remembered that the defendant has had no opportunity to meet those facts so presented by the plaintiffs; and if he had, or should be allowed to meet them, this court would not, at special term, try a cause upon the merits, upon affidavits. For this reason, this part of the relief must be granted to the defendant. A part of the plaintiff's claim, to the extent of the $200 note, is not controverted; this was sufficient to give them a cause of action, and entitle them to an attachment, without regard to that part of their claim which, perhaps, may be controverted. The sheriff, it seems, has collected enough on this attachment, after discharging the prior attachment and judgment thereon, to pay the plaintiff's undisputed claim on the $200 note, and the costs of the judgment. Be the case as it may, the defendant, on payment of $10 costs of this motion, may have the judgment vacated, and be permitted to put in an answer.

[SCHENECTADY SPECIAL TERM, November 21, 1870. *Potter*, Justice.]