WHITNEY, appellant, v. DENISTON.

*Attachment — undertaking in — court may control.*

An attachment was issued upon an undertaking in the sum of $1,000, and over $100,000 was seized thereunder. *Held*, that the court has power to regulate and control undertakings given in applications for provisional remedies, and could in this case require an additional undertaking for a larger sum.

THE complaint alleges that informal notice was received by the defendant that he, defendant, was entitled to a prize of $500,000, upon

Whitney v. Deniston.

a ticket held by him in the royal Havana lottery, of Havana, Cuba, payable at Havana; that, in consideration of certain services rendered and to be rendered to him by plaintiff, defendant agreed to pay over to plaintiff one-half of all moneys received from said lottery ticket; that the services were rendered by plaintiff; that defendant received $410,000 on account of the ticket, and demands judgment for $205,000. Defendant's answer is a general denial.

An attachment was issued on an undertaking, in the sum of $1,000, against defendant's property, as a non-resident, and over $100,000, in the hands of A. Belmont & Co., was attached. A motion was made to vacate the attachment on the merits, which was denied. A motion was then made by defendant that the security be increased, on the ground that it was not sufficient to protect the defendant. On this motion an order was made, at special term, requiring plaintiff to file an additional undertaking, in the sum of $15,000, and that, in default thereof, the attachment be set aside.*

---

* NOTE.—The opinion of Judge BARRETT, at special term, was as follows:

The court has no doubt of its power to regulate and control all provisional remedies, even to the extent now invoked. Orders of arrests, attachments and injunctions *pendente lite* are provisional remedies, and not process.

The summons is the process upon which the action proceeds to trial and judgment; attachments, orders of arrest and injunctions are collateral. If suit were commenced by the mere approval of the original undertaking, and the issuing and service of the attachment thereon, the action of the judge, if within the statute, would be final, and the jurisdiction thus acquired, in conformity to law, could not be divested. Here, however, the attachment falls, if not followed up by service or publication of summons within thirty days — the distinction is just there. If publication be ordered and effected in conformity to the statute, the court cannot interfere with such publication. But there is no difficulty in requiring the plaintiff to increase his undertaking upon arrest, when the defendant is in jail and unable to find bail, nor upon continuing an injunction, nor, as here, upon the attachment of a much greater sum than could have been originally contemplated. If the court could have been made aware that more than $100,000 was about to be attached and held (for a year or two, perhaps, while awaiting a trial upon our crowded calendar), there can be no doubt that a very different undertaking would have been required. The court cannot be said to have found judicially upon the amount of security really required, for the circumstances now disclosed were not before it.

The construction contended for by the plaintiff would justify the holding of millions for years, and that, perhaps, insecurely, upon an undertaking in $250; there is no such unjust and unreasonable construction to be placed upon the statute, nor is there any analogy between the present case and that of an undertaking on appeal. In the latter case, the old law, which governed the decisions referred to by counsel, gave the stay of proceedings upon justi cation, whether the sureties turned out to be good, bad or indifferent. This stay the court could not revoke without violating the law. There was no discretion to grant or withhold it. The stay was statutory, and its retention was statutory. The question of the just control by the court of its process or provisional remedies did not and could not arise.

Upon the facts now before the court an undertaking in about $15,000 would have been required before the granting of an attachment, and an additional undertaking in that amount must be furnished in, say ten days.

*William F. Shepard* and *Marsh & Wallis*, for appellant.

*Edwards Pierrepont*, for respondent.

DANIELS, J. The court has general power to discharge attachments the same as all other provisional remedies. Code, § 241. It may be exercised for all proper reasons, including those where, for any cause, the plaintiff's proceedings are in any respect defective, and they certainly are so where the amount of the undertaking is insufficient to indemnify the defendant for the costs which may ·be awarded to him and the damages he may sustain by reason of the attachment. Code, § 230. It is the intention of the law that the defendant shall have that indemnity where his property is attached; and if the undertaking given, when the attachment is obtained, is insufficient for that purpose, the law cannot be properly administered without requiring an adequate increase in the amount to be made. The power is incidental to all the provisional remedies provided by the Code, and its existence is in substance provided for in the authority which the court has for supplying omissions in any proceeding; it is declared by section 174 of the Code, and it is sanctioned by the ruling made in the case of *Rowles* v. *Hoare*, 61 Barb. 266.

The power over undertakings given in applications for provisional remedies is entirely different from that relating to undertakings given on appeal; for there the amount is, in all cases, either fixed by the express terms of the statute, or it is required to be determined upon a hearing on facts indicating what the amount should be. Besides, the authority given the courts over provisional remedies does not apply to proceedings taken for the purposes of appealing.

For these reasons, and those stated by Justice Barrett in his opinion at the special term, the order should be affirmed, with $10 costs, and the disbursements on the present appeal.

DAVIS, P. J., and DONOHUE, J., concurred.

*Order affirmed.*