(4 Misc. Rep. 447.)

### WAVERLY CO. v. WORTHINGTON CO.

(Superior Court of New York City, General Term. July 3, 1893.)

CORPORATIONS—APPOINTMENT OF TEMPORARY RECEIVER—EFFECT.

An order appointing a temporary receiver in proceedings for the voluntary dissolution of a corporation does not disable the corporation from moving to vacate an attachment theretofore granted against its property.

Appeal from special term.

Action by the Waverly Company against the Worthington Company. From an order vacating an attachment against defendant's property, plaintiff appeals. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

J. A. Arnold, for appellant.

J. R. Marvin and J. M. Fisk, for respondent.

McADAM, J. Every fact upon which the plaintiff relied to sustain the provisional remedy invoked was denied and disproved by the defendant's officers, so that the court below, on the whole case, was called upon to determine whether the attachment should be continued or not. It decided, upon the entire proofs, that the attachment should be vacated, and committed no error in reaching that conclusion. The order made by the supreme court January 26, 1893, appointing a temporary receiver of the defendant's property in proceedings for a voluntary dissolution of the corporation, did not disable the defendant from moving to vacate the attachment. See Parry v. Opera Co., 12 Civil Proc. R. 194; Button Co. v. Sylvester, (Sup.) 22 N. Y. Supp. 891. This upon the ground that a corporation so situated is like a debtor who makes a general assignment before or after the attachment,—either may make a motion to vacate be-

cause of the residuary interest in the proceeds of the attached property after the creditors are paid. Brewer v. Tucker, 13 Abb. Pr. 76; Dickerson v. Benham, 20 How. Pr. 343, 10 Abb. Pr. 390; Gasherie v. Apple, 14 Abb. Pr. 64. It follows that the order appealed from must be affirmed, with costs.