TABITHA GODFREY, Respondent, *v.* GEORGE GODFREY, JR. et al. GUSTAVE L. COHN, Appellant.

Where an order granting an application under the Code (New Code, §§ 682, 683) by a lienor to vacate or modify an attachment, recites the reading of certain affidavits specified, including new affidavits on the part of plaintiff, without noticing any objections thereto, the only question for the General Term upon appeal is whether, upon all the papers before the.Special Term, its order was justified ; and, upon appeal to this court, the lienor cannot raise the question, that plaintiff should have been confined to his original affidavits, and that affidavits supplying defects were improperly admitted on the hearing of the motion.

*It seems,* that where such an application is based, in part, upon "proof by affidavits" attacking allegations in plaintiff's original affidavits, it is sufficient to let in new proofs on the part of plaintiff, although the allegations were not of material importance ; the right of plaintiff to new proof does not depend upon the directness or force of the lienor's proof. *Steuben County Bank* v. *Alberger* (*ante* p. 179), distinguished.

(Argued December 3, 1878 ; decided December 10, 1878.)

APPEAL from order of the General Term of the Court of Common Pleas, of the city and county of New York, reversing an order of Special Term, which granted a motion upon

the part of Gustave L. Cohn, a subsequent attachment credi-
tor, to modify an attachment issued herein by declaring his
attachment to be a prior lien.

Plaintiff's attachment was issued upon the ground that
defendant was a non-resident.

The further material facts appear in the opinion.

*Geo. H. Yeaman,* for appellant. Plaintiff could not intro-
duce any affidavits upon the motion to substantiate the war-
rant of attachment if this court in the first instance had no
power to grant the warrant or had granted it improvidently.
(2 Wait's L. & Pr., 186; 44 N. Y., 271; 3 Sandf., 703; 12
Barb., 265; 7 id., 616; 6 Abb., 34, 121; Code of Civil
Proc., §§ 682, 683.)

*Edward D. McCarthy,* for respondent. It was proper to
read other affidavits sustaining the ground upon which the
attachment was granted. 'Code, § 683.)

HAND, J. The attachment obtained by the plaintiff
against the property of the defendants George and Lorenzo
Godfrey, was so modified at the Special Term upon the
application of the appellant Cohn, who had obtained an attach-
ment against Lorenzo Godfrey subsequent to that of the
plaintiff, as to give Cohn's lien the preference. This order
was reversed by the General Term. Cohn, in appealing here,
insists that upon his motion to vacate or modify, the plaintiff
was confined to her original affidavits, and could not be per-
mitted to read new affidavits to sustain her attachment; and
that affidavits supplying defects in the plaintiff's case were
improperly admitted on the hearing of that motion.

This court has recently considered the construction of
§§ 682 and 683 of the New Code, (*Steuben County Bank* v.
*Alberger*),* and held that where a lienor made the motion to
vacate, founded upon defects in the original affidavits, and
his motion was also based upon his own affidavit stating the

---

* *Ante,* p. 179.

facts with regard to his own lien and the attachment of the plaintiff, such affidavit was not "proof" within § 683 of the Code, letting in any "new proof" in opposition on the part of the plaintiff. The decision of the court below in that case admitting such new proof by affidavit, and thereupon denying the lienor's motion was reversed.

I am inclined to think that the affidavit of Goodman in this case, did not go beyond the line laid down in the former decision, and that if that had been the only affidavit, and the question had been raised no new affidavits could have been used by the plaintiff. But while in the bank case, the order recited the objection to the new proof, here there is nothing of the sort. The order recites the reading of all the affidavits without noticing any objection, and then grants the appellant's motion. It is true the order to show cause is for a modification on the grounds specified, among others, that there was no evidence of the non-residence of Lorenzo Godfrey, in the original affidavit. But it does not even appear by whom the various affidavits read and recited in the order were presented, and for aught that we can say, the appellant himself assented to the "new proof" being adduced, and waived any objection to it, as he seems to have succeeded in his motion upon all the papers. Under these circumstances, we are bound to hold, I think, that the question for the General Term, and the only question was, whether upon all the papers before the Special Term, the order made by it was justified. These papers proved the non-residence of Lorenzo Godfrey at the time of the attachment, and hence the Special Term was properly reversed.

If however we were at liberty to consider the admissibility of the new proof, the affidavit of Cohn himself, sworn July eighteenth, upon which his motion was partly founded, was probably sufficient though very slight "proof by affidavit" to let in new proofs on the part of the plaintiff. It attacked the allegations of the plaintiff's affidavit as to the partnership of George and Lorenzo, and as to their having joint property. These may not have been very important points, but it can-

not be held, that the right of the plaintiff to new proof depends upon the directness or force of the defendant's or lienor's proof. If it is proof at all, the new proofs are admissible.

The order of the General Term must be affirmed, with costs.

All concur.

Order affirmed.