PACH *v.* ORR.

*(Superior Court of Buffalo, General Term. June 29, 1888.)*

1. ATTACHMENT—RESTORING LIEN—ADDITIONAL AFFIDAVITS.
   Where an attachment was set aside because of non-compliance with rule of practice No. 25, requiring the affidavit, in an *ex parte* application to a judge or court for an order, to state whether any previous application had been made, a subsequent order restoring the lien of the attachment, because said rule does not apply to attachment orders, is not erroneous, because plaintiff was allowed to read additional affidavits, containing matter not allowable, as the judgment of the court was presumably not based on such matter.

2. SAME—GROUNDS FOR—WHAT CONSTITUTE.
   The papers upon which an attachment issued, which showed the amount of plaintiff's claim; that it arose upon contract; that defendant was not in the city; that her agent was disposing of her goods, without paying or securing plaintiff's claim; that actions had been commenced against defendant, and the officer had not been able to find her to serve process; that a check had been given for plaintiff's debt on a bank where no funds were on deposit,—were sufficient, when uncontradicted or unexplained, to warrant the issuance of an attachment.

3. SAME—MOTION TO REINSTATE—IMPROPER AFFIDAVITS—EFFECT ON APPEAL.
   Affidavits filed by defendant on a motion to reinstate an attachment, which were improper for the court to consider, cannot be considered on an appeal from an order restoring the attachment lien.

4. SAME—MOTION TO REINSTATE—FAILURE TO OBJECT TO AFFIDAVITS—APPEAL.
   Objections to reading additional affidavits by plaintiff on a motion to vacate an order setting aside an attachment will not be considered where no objection was made in the court below.

5. SAME—RESTORING LIEN—RIGHTS OF THIRD PERSONS.
   The lien of an attachment, which has been vacated, may be restored, but cannot relate back to the time of the order vacating it, so as to affect the rights of intervening third persons.

Appeal from special term.

Attachment proceedings by Moritz Pach against Lizzie Orr. Rule 25, referred to in the opinion, is as follows: "Whenever application is made *ex parte* on affidavit to a judge or court for an order, the affidavit shall state

whether any previous application has been made for such order, and, if made, to what court or judge, and what order or decision was made thereon, and what facts, if any, are claimed to be shown. And, for the omission to comply with this rule, any order made on such application may be revoked or set aside. This rule shall apply to proceedings supplementary to execution."

Argued before BECKWITH, C. J., and TITUS, J.

*Charles B. Wheeler,* for appellant. *O. O. Cattle,* for respondent.

TITUS, J. The defendant appeals from an order vacating and setting aside an order setting aside an attachment obtained by the plaintiff from a judge at chambers. On the 30th day of December, 1887, the plaintiff, on complaint and affidavits, obtained an attachment against the property of the defendant, consisting of a stock of goods in her store No. 246 Main street, this city. On the same day the judge granting the attachment set it aside, on the ground, stated in the order, for failure to comply with rule 25 of the general rules of practice, "without prejudice to a renewal, upon the same or other papers, for another attachment to issue." On the 4th day of January, 1888, the plaintiff procured an order on affidavits to show cause at special term why the last-named order should not be vacated. On the 12th day of January the special term made an order vacating the last order, and restoring the lien of the attachment. The defendant's counsel urges many reasons why the order of the special term should be reversed. For convenience, I have examined his points in the order in which he has presented them.

It is claimed that it was error for the court to allow the plaintiff to read additional affidavits on the return of the order to show cause, under section 683 of the Code. In addition to the reasons stated hereafter, I think it is a perfect answer to the proposition of the defendant, that he did not object to the reading of the affidavits on the hearing, and that he must be deemed to have waived his objection, and it is too late to raise it for the first time on appeal. *Godfrey* v. *Godfrey,* 75 N. Y. 434; 1 Rumsey, Pr. 554. But I cannot agree with the learned counsel in his view of the practice. It has been held in several cases, and seems to be the settled practice under section 683, that, where an application is made to set aside the attachment on the original papers, no further or additional affidavits can be read in support of the attachment; but, where the application is based upon new papers, the plaintiff may, upon the hearing, read additional affidavits in support of it. *Ives* v. *Holden,* 14 Hun, 402; *Buhl* v. *Ball,* 41 Hun, 61; *Smith* v. *Arnold,* 33 Hun, 484; *Sutherland* v. *Bradner,* 34 Hun, 519; *Bank* v. *Alberger,* 75 N. Y. 179; 1 Rumsey, Pr. 553, 554. The order vacating the attachment was granted, not on account of the insufficiency of the affidavits to support it on the merits, but upon the express ground that the plaintiff had failed to comply with rule 25, in not showing whether any previous application had been made for an attachment; inferentially holding that the affidavits were sufficient to authorize the attachment had the plaintiff complied with the rule. It has been held that rule 25 does not relate to an application for an attachment, being a process of the court, but applies only to orders made in an action pending. *Davis* v. *Brooks,* 4 Law Bull. 49; *Mojarrieta* v. *Saenz,* 80 N. Y. 547; 1 Rumsey, Pr. 522. It seems to me that this is the necessary and proper construction of the rule from its language; and the special term, on the hearing of the order to show cause, presumably so held, as no point was made that, if the plaintiff was not required to make proof under rule 25, the affidavits were not sufficient on the merits to authorize the attachment. The defendant's counsel in his brief states that the affidavits read by him in opposition to the motion were read with a view of meeting the allegations of the plaintiff in his new application for an attachment, and not with a view of attacking the affidavits used in procuring the attachment originally. This is probably so, as the plaintiff, in his order to show cause, asked alternate relief that a new at-

tachment should issue. But, upon the question of vacating the order setting aside the attachment, they were not considered by the court, nor was the new proof made by the plaintiff, in passing upon the sufficiency of the original papers. The court undoubtedly came to the conclusion that the order setting aside the attachment on the ground that the plaintiff had not complied with rule 25 was erroneous, and vacated the order. Affidavits to obtain an order to show cause were necessary; and it does not follow that because the affidavits contained matters which could not be read in support of the attachment, that such facts were considered by the court in determining whether an error had been committed in holding that the requirements of rule 25 should be met before granting it. It is rather to be presumed that, upon an examination of the authorities, the court became satisfied that such proof was not necessary than that a well-established rule of law was disregarded. It was held in *Dickinson* v. *Benham,* 12 Abb. Pr. 158, that, although new affidavits are inadmissible to support an attachment on a motion to vacate on the original papers, yet it is competent to read affidavits showing any change in the relation and condition of the parties to the property since the attachment was granted. But in the view taken of the facts here, that such new affidavits were not considered by the court in support of the attachment, it is not necessary to pass upon the question whether such proof would be competent or not.

It is claimed that that portion of the order which restores the lien is erroneous. It provides "that the order heretofore granted, vacating the warrant of attachment, * * * be, and is hereby, vacated and set aside, and the lien of said attachment is restored." If the order means what the counsel for the defendant claims for it, that the "special term undertakes to restore the lien of the attachment, and to place the plaintiff just where he would have been had not the warrant been vacated, and the levy released," then the defendant is probably right in his position. But an examination of the order does not bear out that construction. It does not purport to restore the parties to the position they were in before the attachment was vacated. It simply orders the lien of the attachment restored. If the property was still in the hands of the sheriff, together with the attachment, the order restoring the attachment would restore the lien undoubtedly, without a formal levy under the order, so far, at least, as the defendant was still the owner of the property. But the order does not purport to give the plaintiff any advantage over intervening creditors, nor to determine the order of their liens, and it is not necessary to consider their rights on this appeal. The sheriff had released the property and the lien was lost; and, when he again took possession under the restored attachment, the lien was restored, and that is all the order attempts to do. The language employed in the order was unnecessary for that purpose; and, as it does no more than would follow under the law without it, no error was committed in making it.

The papers upon which the attachment was issued, state the amount of the indebtedness remaining unpaid; that it arose upon contract; that the defendant was not in the city; that her agent was disposing of her goods, and refused to pay the plaintiff's debt, or to in any way secure it; that many of the goods had been sold for cash; that actions had been commenced against the defendant, and in four cases the officer had been unable to find the defendant to make service of the summons; that the defendant had before given plaintiff a check of $250 on a bank in which she had no funds, nor was any provision made for its payment. These facts, together with the unexplained continued absence of the defendant, were sufficient, in my opinion, to call upon the judge to whom application was made to exercise his discretion; and his determination of the sufficiency of the moving papers was justified on the unexplained facts presented; and inasmuch as no motion was made, on new proof, to set it aside, and the judge was not authorized to take into account the affidavits used on the motion to vacate the order for that purpose, or in

support of the attachment, the defendant cannot avail herself of such affidavits on this appeal.  The order appealed from must be affirmed, with $10 costs and disbursements.

BECKWITH, C. J., concurs.  HATCH, J., does not sit.