GEORGE W. JOHNSON, Respondent, *v.* THE HARDWOOD DOOR AND TRIM COMPANY, Defendant.

HERBERT E. MILLHOLEN, Appellant.

*Motion to vacate an attachment — the merits of the case will not be decided on such motion — right of a junior attaching creditor to intervene — defense he may interpose.*

The general rule is that, on a motion to vacate an attachment, the court will not try the case, and determine whether the plaintiff can ultimately succeed or not.

An attachment against a foreign corporation will not be vacated upon the application of a junior attaching creditor, upon proof by affidavit that the original consideration, out of which the obligation in the suit brought by the senior attaching creditor sprang, was the purchase by the foreign corporation from the assignor of the plaintiff, of certain shares of the capital stock of such corporation, and that such purchase was, by the law of the domicile of such corporation, void.

A junior attaching creditor may apply to intervene in an action brought by a senior attaching creditor against a foreign corporation, and on being made a defendant in such action, he may contest the validity of the plaintiff's claim therein in the ordinary manner by answer and trial.

APPEAL by Herbert E. Millholen, a subsequent attaching creditor of the defendant, The Hardwood Door and Trim Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of January, 1894, denying his motion to vacate a prior attachment of the plaintiff in the action in which the motion was made.

*Robert F. Little,* for the appellant.

*Frederick P. Bellamy,* for the respondent.

CULLEN, J. :

This is an appeal from an order denying the motion of the appellant, a junior attaching creditor, to vacate the plaintiff's attachment. The action is on contract, and the defendant a foreign corporation. The appellant sought to vacate the attachment on proof by affidavit that the original consideration out of which the obligation in suit sprung was the purchase by the defendant, from plaintiff's assignor, of certain shares of the defendant's own capital stock, and he also, by proof, showed that such a purchase was, by the law of Pennsylvania (the domicile of defendant), void.

The motion was denied on the ground that the court would not, on such an application, pass upon the merits of the action.

We think that this position was correct. The general rule is that on a motion to vacate an attachment the court will not try the cause itself and determine whether the plaintiff can succeed or not. (*Brown* v. *Wigton*, 45 N. Y. St. Repr. 135; *Sterns Paper Co.* v. *Johnson*, 44 id. 916; *Rowles* v. *Hoare*, 61 Barb. 266.)

There are some exceptions to this rule, but this cause plainly is not one. On the contrary, the rule should here be given full force. The defendant is a foreign corporation and has not appeared in the action. If the attachment should be vacated the plaintiff will not only be deprived of his security but also of the right to try his cause of action, for the court has acquired no jurisdiction of the defendant but by the attachment. The rights of the appellant can be entirely protected by another course. Under the authority of *Lee* v. *Pfeffer* (25 Hun, 97) he may apply to intervene in this action, and, on being made a defendant, contest the validity of the plaintiff's claim in the ordinary manner, by answer and trial.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., and DYKMAN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.