WILLIAM W. KIRBY, Appellant, *v.* CHARLES R. COLWELL and Another, Respondents.

*Warrant of attachment — vacation of — the existence of a cause of action should not be decided on affidavits.*

When, upon a motion to vacate a warrant of attachment granted in an action, the only question presented relates to the existence of the plaintiff's alleged cause of action, and such question is one of fact and not of law, it should not be decided upon affidavits, but be left to be determined at the trial, and the attachment should not be vacated.

APPEAL by the plaintiff, William W. Kirby, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 4th day of June, 1894, granting the defendants' motion to vacate and set aside a warrant of attachment granted against the property of the defendants.

*John Sabine Smith*, for the appellant.

*Philo P. Safford*, for the respondents.

BROWN, P. J. :

This action was brought to recover for alleged services rendered by the plaintiff for the defendants.

The defendants were residents of the.State of New Jersey, and, upon that ground, an attachment was granted.

The motion to vacate the attachment was based solely upon the ground that the plaintiff had no cause of action against the defendants, and the affidavits presented to the court in support of that motion denied the making of the contract or the rendition of the services which were the basis of the plaintiff's claim.

The plaintiff read affidavits in support of his claim, and upon all the papers the merits of the plaintiff's claim was seriously in dispute.

The learned judge presiding at the Special Term decided the matter in issue in favor of the defendants and vacated the attachments.

We are of opinion that when, upon a motion of this character, the only question presented relates to the existence of a plaintiff's alleged cause of action, and is one of fact and not of law, it should be left for determination at the trial, and should not be decided upon affidavits.

Such is the rule stated in *Lowenstein* v. *Salinger* (42 N. Y. St. Repr. 414); *Brown* v. *Wigton* (18 N. Y. Supp. 490); *Johnson* v. *Hardwood Door, etc., Co.* (79 Hun, 407).

In this case there is no dispute as to the non-residence of the defendants, and they have appeared in the action solely for the purpose of moving to vacate the attachment.

If that is set aside the plaintiff will be denied the right of a trial in the courts of his own State, and will be compelled to abandon his

suit or renew it in a foreign jurisdiction. The cause of action set out in his complaint is supported by his own oath and by other competent evidence. Under the laws of the State he is entitled to a trial by jury, and he should not be deprived of that right unless the facts presented to the court in relation to his claim are undisputed and the legal conclusion to be drawn therefrom certain.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with costs.

DYKMAN and CULLEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with costs.