(4 App. Div. 20.)

CHAMBERS & McKEE GLASS CO. v. ROBERTS.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

1. VACATING ATTACHMENT—AFFIDAVITS.
    A motion to vacate an attachment, which does not involve any question raised by the pleadings in the main action, may be determined on affidavits before the hearing on the merits.

2. SAME—INTENT TO DEFRAUD CREDITORS—INSANITY.
    An attachment, on the ground that defendant had left the state with intent to defraud creditors, will be vacated where it appears that defendant was insane when he left the state.

Appeal from special term, New York county.

Action by the Chambers & McKee Glass Company against David H. Roberts, in which an attachment was issued. From an order granting a motion to vacate the attachment, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John C. Coleman, for appellant.

Otto Horwitz, for respondent.

RUMSEY, J. The action was brought to recover a sum of money only, and a warrant of attachment against the property of the defendant was granted upon the sole ground that he had departed from the state of New York with intent to defraud his creditors. The motion to vacate the attachment was made by the defendant, upon affidavits, under the authority of section 683 of the Code of Civil Procedure, and it was opposed by new proof on the part of the plaintiff, by which it was made to appear that a cause of action existed against the defendant. While, strictly speaking, the proof upon that subject was not admissible under the provisions of the Code which permit new proof to be offered by the plaintiff to sustain any ground for the attachment recited in the warrant, and no other, yet the affidavits were received without objection, so far as appears from the papers, and it was therefore proper for the court to consider the facts stated in them tending to sustain the attachment. (Godfrey v. Godfrey, 75 N. Y. 434. Upon considering all the affidavits, it is quite clear that a cause of action existed against the defendant, and for that reason the decision, upon the motion of the junior attaching creditor, to vacate this warrant as against him, which was made at the February term, does not apply.

The question presented by the affidavits upon which this motion was heard is whether, upon the whole case, it could be said that the defendant departed from the state with intent to defraud his creditors. The decision of that question required the court to pass upon the question whether or not the proof showed that the defendant, when he left this state, was insane, so that he was not able to form any intent, and therefore that the ground stated for granting the writ did not, in fact, exist. This did not involve, in any aspect of the case, the merits of the action, which was brought simply to recover a debt. Where a motion is made to vacate an attachment upon contesting affidavits, and the only question presented is whether, upon all the facts, the plaintiff has a cause of action, and that question is one of fact, and not of law, it has been held that the question should not be decided upon affidavits, but be left for determination at the trial. Kirby v. Colwell, 81 Hun, 385, 30 N. Y. Supp. 880. Upon this state of facts, the court said that this attachment should not be vacated; but he left it to stand or fall, as the result of the determination, at the trial, of the main question presented by the issues, which is also the question presented by the motion to vacate. But that is not this case. The decision of this motion can have no effect upon the merits of the action, because it does not involve any question which is presented by the issues raised upon the pleadings. The only thing to be decided, therefore, is whether the facts shown upon the motion warrant the granting of the attachment. The Code gives to the defendant the right to

move to vacate the warrant upon new affidavits upon which both parties are at liberty to present all the facts to enable the court to decide whether the grounds upon which the warrant is issued in fact exist. The right to move upon such papers involves a corresponding duty on the part of the court to decide the question upon a fair preponderance of the evidence, as given by the affidavits. This is the rule where a motion is made to vacate an order of arrest (Levy v. Bernhard [Sup.; Feb. term] 37 N. Y. Supp. 849), and the same reasons require that the same rule should be held to exist in motions to vacate a warrant of attachment. It was the duty, therefore, of the court, to examine the case, and see whether or not the defendant's condition was such that it could be said that he had intended to defraud his creditors when he left the state.

To enable the plaintiff to procure a warrant on that ground, it is not sufficient that he should prove simply that he has a cause of action against the defendant, and that the defendant has gone out of the state. He must prove that the man took his departure with the actual existing intent to defraud creditors. Hertz v. Stuart, 3 N. Y. Wkly. Dig. 332. That intent will not be inferred, as a presumption, from the simple act of departure, but requires that the plaintiff should show other facts and circumstances by which the intent shall be established. The facts and circumstances connected with the departure from the state were clearly shown in this case. It was made to appear, by an overwhelming preponderance of evidence, that, when the defendant left the state, he was in a condition of insanity almost amounting to mania; and upon the proof it was left very doubtful whether he was competent to devise any scheme, or to have any intent whatever. Where the intent with which an act is done is one the existence of which the law infers from the doing of the act, the fact that the person who does it is a lunatic will not relieve him from the civil liability for the damage which the act causes. But where it is necessary to prove, on the part of the lunatic, an actual intent, the existence of which is not inferred from the act itself, the fact of lunacy may be sufficient to disprove the existence of the intent. Such is the case where it is sought to charge the lunatic with exemplary damages (McIntyre v. Sholty, 121 Ill. 660, 13 N. E. 239), or to establish an intent with the view to punish him for a crime. The same considerations apply here. It is not necessary to say that the mere fact of insanity operates, as a matter of law, to disprove the intent. It is sufficient if there is made to appear a state of insanity so great that the court would have a right to infer that the insane man did not form the intent charged against him; and, if that did appear, it would justify the court in concluding, as a matter of fact, that the plaintiff had not shown the existence of the fraudulent intent which was required to authorize the granting of a warrant of attachment.

The facts in this case were certainly sufficient to warrant such a conclusion, and for that reason the order vacating the warrant must be affirmed, with $10 costs and disbursements. All concur.