(35 Misc. Rep. 595.)

### SCHULTZ v. BRACKETT BRIDGE CO.

(Supreme Court, Special Term, Onondaga County. July, 1901.)

1. PARTNERSHIP—INTENT.
    In determining the question of partnership, the intent of the parties governs in part.

2. SAME—EVIDENCE.
    The fact that under a contract one of the parties thereto was to receive as compensation a share of the profits, and that an accounting was necessary to determine such share, is not conclusive that the arrangement was a partnership.

**3. SAME—DISSOLUTION OF ATTACHMENT.**
A foreign corporation was sued at law to recover a share of the profits of certain contracts as compensation of plaintiff, its agent, and an attachment issued. Defendant testified that the parties were partners, and moved to dismiss on the ground that the action was one at law, and that the plaintiff's evidence before a referee had established the partnership, and that there could be no recovery under the complaint. *Held*, that pending the trial of the action the attachment should not be vacated, where the referee had already denied the contention that the action was one in equity, and because the question affected the merits, and should not be determined on a preliminary motion.

Action by John M. Schultz against the Brackett Bridge Company. Motion by defendant to vacate the attachment. Denied.

W. G. Tracy, for the motion.
James E. Newell, opposed.

HISCOCK, J. The attachment in this action was granted to accompany the summons on the ground that the defendant is a foreign corporation. The motion to vacate said attachment is made upon the ground that plaintiff's cause of action is really one in equity for an accounting between himself and the defendant as co-partners, and that, therefore, an attachment will not lie. Support for the motion, upon the ground in question, is sought by defendant in the evidence given upon the trial of the case upon its merits before a referee, and which evidence discloses the fact that plaintiff was to receive a share of the profits realized upon bridge contracts which he might obtain, the question being controverted here whether he was to receive such share in profits merely as compensation for his services as an agent and employé of the defendant, or whether he was to receive it through an arrangement which amounted to a partnership between him and the defendant. Plaintiff's complaint, upon which the attachment was, in part at least, founded, clearly sets forth a cause of action at law, it distinctly alleging, in substance, that he was to receive a share in the profits realized upon bridge contracts by way of compensation for his services as agent in procuring them. The evidence and affidavits submitted to me upon this motion certainly do not establish beyond any question that his relations with defendant were those of a partner, and that this is an action in equity. The question whether a partnership exists or not depends, in part at least, upon the intent of the parties to be gathered from all of their agreements and acts. Heye v. Tilford, 2 App. Div. 350, 37 N. Y. Supp. 751. The mere fact that a person is to receive for services a share in the net profits of a business, and that an accounting is necessary to ascertain the amount of the compensation, does not decisively settle that the arrangement is a co-partnership, and does not require an equity action. An accounting is proper in an action at law, and the introduction of the requisite evidence does not change the nature of the action. Smith v. Bodine, 74 N. Y. 30. Plaintiff, as stated, clearly sets forth in his complaint an action at law, and, if he fails to establish a cause of action under his complaint, defendant, of course, will be entitled to a judgment dismissing the complaint. This question—whether a partnership exists or not—is to

72 N.Y.S.—11

be determined, within the principle of the cases above cited, from all of the evidence which may be presented. The question is one which is now upon trial upon the merits before the referee, and upon which a large amount of evidence has already been produced. The precise question here presented has been presented upon said reference by a motion of the defendant to dismiss plaintiff's complaint upon the ground that his evidence established that he and defendant were co-partners, and that there could be no recovery under the complaint; that the cause of action set up in the complaint is one at law, upon which an attachment had been issued and levied; and that the plaintiff's testimony showed that the plaintiff and defendant were to share in the losses as well as the profits. This motion was denied. Therefore, to pass upon this motion at this time would require a decision, upon affidavits and incomplete evidence, of a question which is involved in the merits of the trial now proceeding before the referee. Independent of the undesirability of thus anticipating the decision of the referee upon the trial, I am averse to deciding the merits of an action upon a preliminary motion of this kind. Kirby v. Colwell, 81 Hun, 385, 30 N. Y. Supp. 880; Glass Co. v. Roberts, 4 App. Div. 20, 38 N. Y. Supp. 301; Furbush v. Nye, 17 App. Div. 325, 45 N. Y. Supp. 214. The motion to vacate the attachment is therefore denied, with $10 costs.

Motion denied, with $10 costs.