(110 App. Div. 331.)

## JONES v. HYGIENIC SOAP GRANULATOR CO.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. ATTACHMENT—VACATION—SUFFICIENCY OF SHOWING.

The court will not consider the merits of the action on a motion to vacate an attachment, which will be held unless the complaint and affidavits clearly indicate that plaintiff must ultimately fail.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 859.]

2. SAME—PLEADINGS TO SUPPORT—SUFFICIENCY OF COMPLAINT.

A complaint alleged that certain certificates of stock were delivered to it under a contract providing that a third party should purchase all of plaintiff's stock in the corporation, on condition that he deposit with it 2,000 shares and deposit with a certain firm the balance of his holdings, to be paid for by such vendee in installments, and that on due payments such firm should deliver all the balance of the shares to the vendee, "thereby completing the transaction and releasing [the firm] and all concerned from any further obligation." Plaintiff further alleged that default was made by the vendee, and that defendant corporation refused to return to plaintiff the certificates deposited with it and converted the same to its own use. *Held*, that on the face of the complaint defendant corporation was a mere bailee, and acquired no title to the stock adverse to plaintiff until the completion of the transaction, and an order vacating an attachment under such complaint for failure of the same to state a cause of action was erroneous.

Appeal from Special Term, New York County.

Action by G. Edwin Jones against the Hygienic Soap Granulator Company. From an order vacating a warrant of attachment, plaintiff appeals. Reversed, and attachment reinstated.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, LAUGHLIN, JJ.

Nathan F. Giffin, for appellant.

Willard N. Baylis, for respondent.

CLARKE, J. This is an appeal from an order vacating a warrant of attachment on the ground that there is no competent or sufficient proof in the papers upon which the warrant was granted to show to the satisfaction of the justice who granted the same that a cause of action existed in favor of the plaintiff against the defendant and on the further ground that the said complaint and affidavit do not state a cause of action in favor of the plaintiff and against the defendant. The complaint alleges that the defendant is a foreign corporation organized and existing under the laws of the state of New Jersey; that on the 25th of June, 1904, the plaintiff was the owner and in possession of two certificates, for 1,000 shares each, of the capital stock of the defendant; that on said day the plaintiff in the city of New York made and entered into a contract with one R. L. Edwards, a copy of which was annexed; that at the time the defendant, through its officers, had knowledge of the contract and its terms; that thereafter and on or about the 25th of June, 1904, plaintiff deposited with defendant at the city and county of New York the two certificates mentioned; that the first payment of $6,000 due plaintiff, under the terms of said contract, was made to plaintiff on June 25, 1904, and the second payment of $4,000 on the 26th of October, 1904,

and that no other payment has been made by the said Edwards under the said contract, and that the time so to do has expired, and that said Edwards has defaulted in the compliance with the terms of said contract; and that under the terms of said contract upon such default plaintiff was entitled to have returned to him, and the defendant was bound to return to him, the said certificates. The complaint further alleges due demand and refusal, that defendant has converted the same to its own use, and that the value thereof is $20,000, and demands judgment therefor.

The contract attached to the complaint is in the form of a letter addressed to the plaintiff and signed by R. L. Edwards, upon which is indorsed, "I agree to the aforesaid proposition and accept the same," signed by plaintiff.   It states:

"If you will forthwith deposit 2,000 shares in the treasury of the corporation, I will agree to purchase your entire holdings in the Hygienic Soap Granulator Co. of New York City, say 4,500 shares for the sum of $15,000, upon the following terms and conditions:   The said 4,500 shares of stock of said company, in negotiable form, to be deposited with Post Bros. & Co.. of the city of New York. and there remain, subject to the following instructions and conditions.   On deposit of the said stock $6,000 is to be paid to you in cash, $4,000 to be paid to you within four months from date of such deposit of stock, and $5,000 to be paid to you within five months from same date for the balance.   In case of default of the second payment on account of this purchase. Post Bros. & Co. is authorized and directed to surrender to R. L. Edwards or his order, 1,200 shares of the 4,500 shares deposited, and this agreement shall then become null and void as to the balance of said stock, and the 3,300 shares shall then be returned to the original depositor.   In case the second payment shall have been paid and default made on the third and last payment, the said Post Bros. & Co. shall then deliver 1,250 shares additional to said R. L. Edwards or his order, for the $10,000 already paid and the balance of the stock, say 2,050 shares, shall be returned to the original depositor, and this agreement or writing shall be declared null and void in so far as the stock unpaid for is concerned.   When all the payments shall have been made within the dates above specified, amounting to $15,000, the said Post Bros. & Co. shall then deliver all the balance of say 2,050 shares of said stock to the said R. L. Edwards, thereby completing the transaction and releasing Post Bros. & Co. and all concerned from any further obligation."

The plaintiff was also to give an irrevocable proxy to vote for two years the 4,500 shares deposited as aforesaid and his resignation as director and vice president of said corporation.

This contract exhibits an intent that Jones shall part with 6,500 shares of stock, 2,000 to be returned to the treasury of the corporation, and 4,500 to be delivered to Edwards from time to time, as payments are made, for $15,000. The question is, what was the nature of the holding by defendant company of the 2,000 shares pending the completion of the contract between Jones and Edwards? The plaintiff says the language is clear; that the words are to be taken in their plain, ordinary, and everyday sense; that the words, "if you will forthwith deposit 2,000 shares in the treasury of the corporation," are to be read in connection with the words "the said 4,500 shares of stock of said company * * * to be deposited with Post Bros. & Co., * * * and there remain subject to the following instructions and conditions"; and that as Post Bros. & Co. were mere bailees, and no title passed out of Jones until the various payments were made and the transaction completed, so the defendant company,

who gave no consideration for the shares, and whose sole connection therewith was evidenced by the contract between third parties, were mere bailees and acquired no title adverse to Jones until the completion of the transaction. Plaintiff points to this paragraph:

"When all the payments shall have been made within the dates above specified, amounting to $15,000, the said Post Bros. & Co. shall then deliver all the balance of said 2,050 shares of said stock to the said R. L. Edwards, thereby completing the transaction and releasing Post Bros. & Co., and all concerned from any further obligation."

—as conclusive, inasmuch as the words "all concerned" are meaningless unless intended to cover the defendant as depositary of the stock, as the others concerned had been mentioned by name and the several obligations carefully fixed and provided for. The defendant admits that "deposit" is an unfortunate word, and asks that it be interpreted as "transfer," and that Jones agreed to and did make an absolute and present gift to the company of the 2,000 shares, and thereby parted with all his right, title, and interest in and to the same. It states in its brief:

"Mr. Edwards was for many years president of the Bank of North America, and he used the bank word 'deposit' instead of 'transfer'; but the contract clearly shows upon its face that the 2,000 shares deposited with the corporation were in reality upon the payment of $6,000 absolutely transferred to it."

The argument is at least ingenious, but it does not seem that the word "transfer" is any less a bank word as used in the financial center of this country, where shares of stock are every day dealt in by the thousands, than "deposit," or that the president of a Wall street bank would have greater knowledge or make more frequent use of one than the other.

The rule to be applied on the motion to vacate is laid down in Romeo v. Garofalo, 25 App. Div. 191, 49 N. Y. Supp. 114:

"The general rule is (as was held in Furbush v. Nye, 17 App. Div. 326, 45 N. Y. Supp. 214, and in Johnson v. Hardwood Door & Trim Co., 79 Hun. 407, 29 N. Y. Supp. 797) that the court will not consider the merits of the action upon a motion of this character, and thus determine whether the plaintiff can succeed or not. The attachment will be held, unless the complaint and affidavits clearly indicate that the plaintiff must ultimately fail."

Mr. Justice Barrett in Guarantee Savings Loan Co. v. Moore, 35 App. Div. 421, 54 N. Y. Supp. 787, said:

"The question, then, is: Are the plaintiff's papers hopelessly bad?"

To the same effect, Goodyear v. Insurance Co., 58 App. Div. 611, 68 N. Y. Supp. 756; Stewart v. Lyman, 62 App. Div. 182, 70 N. Y. Supp. 936.

In Goldmark v. Magnolia Metal Co., 28 App. Div. 271, 51 N. Y. Supp. 68, Mr. Justice O'Brien used this language:

"Upon a motion to vacate an attachment the sufficiency of the complaint is not to be discussed, and treated with the same elaboration as when the question of its sufficiency is presented upon a demurrer. Undoubtedly it is the duty of the court to examine the pleading with a view to seeing if it is frivolous or so barren of substantial averments that no reasonable arguments can be urged in its support."

The complaint is perfect in form and properly alleges an action in conversion. The sole doubt is raised by the terms of the contract at-

tached thereto, the language of which by the plaintiff is sought to be interpreted according to its plain and ordinary meaning, and by the defendant to be interpreted by giving to its plain words quite a different and certainly not an obvious meaning. It cannot be said that the defendant has established that "the plaintiff's papers are hopelessly bad," nor that they are "so barren of substantial averments that no reasonable arguments can be urged in their support."

Order appealed from reversed, with $10 costs and disbursements, and attachment reinstated, with $10 costs. All concur.