(54 Misc. Rep. 55.)

ASPELL WHOLESALE GROCERY CO. v. MEEKER.

(City Court of New York, Special Term.   April, 1907.)

ATTACHMENT—VACATION—QUESTIONS DETERMINABLE ON MOTION.

    Where an attachment is obtained on the ground of defendant's nonresidence, the court may determine the question of his residence on a motion to vacate the attachment.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, § 859.]

Action by the Aspell Wholesale Grocery Company against Herman E. Meeker. Defendant moves to vacate an attachment. Granted.

Terry Parker, for plaintiff.

John B. Marshall, for defendant.

WADHAMS, J. A warrant of attachment has been issued upon the ground that defendant is not a resident of the state. Section 3169, subd. 1, Code Civ. Proc. The defendant makes motion to vacate, and presents affidavits which clearly show that he is a resident.

The plaintiff's contention that the court may not determine the question of residence upon this motion is not well taken. The cases cited hold that the court will not consider and pass upon the merits of the action on a motion to vacate the attachment, unless it is clear that the complaint is so defective that the plaintiff must ultimately fail in the action. Jones v. Hygienic Soap Granulator Co., 110 App. Div. 331, 335, 97 N. Y. Supp. 104; Sterns Paper Co. v. Johnson, 18 N. Y. Supp. 490, 63 Hun, 633. Whether or not there be a cause of action will be left for determination upon demurrer or at the trial. Goodyear v. Com. Fire Ins. Co., 58 App. Div. 611, 68 N. Y. Supp. 756; Kirby v. Colwell, 81 Hun, 385, 30 N. Y. Supp. 880. But, as attachment is a provisional remedy in derogation of common-law rights, it will only be sustained when the warrant has been issued upon authority of some provision of the statute. Penoyar v. Kelsey, 150 N. Y. 77, 44 N. E. 788, 34 L. R. A. 248. The jurisdictional facts upon which the attachment is granted may therefore be attacked and disproved upon a motion to vacate. Whenever any essential fact is successfully controverted, the attachment will be vacated. 1 Rumsey's Pr. (2d Ed.) 682. The fact of nonresidence is essential in this case, and it has frequently been held that such fact may be attacked, and the question of residence determined, upon a motion to vacate. Prentiss v. Butler, 13 N. Y. Supp. 757, 59 Hun, 626; Weitkamp v. Loehr, 53 N. Y. Super. Ct. 79; Ricetti v. Mapleson, 22 Weekly Dig. 215.

Motion granted, with $10 costs.