EQUITABLE TRUST COMPANY OF NEW YORK, Plaintiff,
*v.* JACINTO SALA, Defendant.

(Supreme Court, New York Special Term, February, 1918.)

Attachment — when motion to vacate denied — nonresidents — motions
and orders.

> Where, upon a motion to vacate a warrant of attachment,
> the court finds that the defendant is in fact a nonresident and
> had only been in this state for a period of about three weeks
> prior to the issuance of the warrant of attachment, before
> which time he and his wife had clearly made their permanent
> residence in Spain for over a year, and it is a fair inference
> from the facts that he is merely a sojourner in this country,
> the motion will be denied.

MOTION to vacate a warrant of attachment.

Murray, Prentice & Howland (Duane R. Dills, of
counsel), for plaintiff.

Ingraham, Sheehan & Moran, for defendant.

FINCH, J. This is a motion to vacate a warrant of
attachment. The cause of action arises out of drafts
amounting to upwards of $50,000 drawn on the defend-
ant in Spain and accepted by him and thereafter dis-
honored. The amount attached is approximately
$5,000, and the ground of attachment is the non-
residence of the defendant. The defendant urges that
the affidavits upon which the warrant was obtained do
not show that the defendant is a non-resident. The
papers upon which the attachment was issued were
sufficient to give the court jurisdiction to issue the
warrant. See Code Civ. Pro. § 683; *Brandley* v. *Amer-
ican Butter Co.*, 130 App. Div. 410. Since the defend-
ant has submitted affidavits in opposition, the plaintiff

has the right to submit additional affidavits controverting and avoiding the same. *Godfrey* v. *Godfrey,* 75 N. Y. 434. It must therefore be determined from all the affidavits submitted whether the defendant is or is not a non-resident of this state. A careful reading and analysis of the affidavits support a conclusion that the facts, and the fair inference deducible from these facts showing the defendant to be a non-resident, preponderate over the facts and like inferences to the contrary. It is to be noted that the defendant's passport, upon which he lays so much stress, gave as his residence his place of business, thus corroborating plaintiff in the claim that the defendant was on a more or less extensive business trip, preparatory to preparing himself to take advantage of his Spanish nationality and thus represent American firms in Spain. The defendant being admittedly Spanish by birth and a resident of Spain when he came here in 1913 has about divided his time between here and Spain ever since. While living here, however, he has apparently been living as a transient in hotels, while maintaining something more approaching a home in Spain. The defendant, moreover, admits that some of his clothes and his wife's clothes remained in the home in Spain, but the defendant seeks to avoid this admission by alleging that he and his wife do not have the present intention of wearing these clothes again, as they are old clothes. The defendant asserts, over and over again, his intention of being a resident here and has annexed to his papers the affidavits of five persons, each of whom swears to the conclusion that the defendant is a resident of this state, which conclusion is apparently based upon the same ground in each case, namely, " that defendant has informed deponent that he is a resident of the City and State of New York and intends to be a permanent resident thereof,"

without saying when this information was given, and hence making it possible for such information to have been given since the granting of this warrant of attachment, which the defendant is seeking to vacate. The question of residence must of necessity be a question of fact in any given case, and the mere declaration by a non-resident that he intended to maintain his residence here may not be sufficient to overcome the persuasive facts that point in an opposite direction. It also appears from the notice of protest of the notary in Spain that the defendant in each case when the draft was presented to him declined to pay the same on the ground that his signature accepting the same was a forgery, whereas in his replying affidavits upon this motion he admits the genuineness of his signatures, but seeks to avoid his liability on other grounds. This lays the credibility of the defendant open to serious question. As appears undisputed, the defendant was admittedly a resident of Spain prior to 1913, and while thereafter he was in New York city for some time yet subsequently thereto he and his wife left New York and went to Spain without leaving any household belongings here, and remained in Spain for about one year and four months immediately prior to the issuance of this writ of attachment, with the exception of about a month when defendant was in New York, and the three weeks just prior to the issuance of the writ of attachment, namely, from December ninth, last. It is seen, therefore, that, so far as the facts in this record are concerned, the defendant is in the same class with any other non-resident defendant who, while temporarily sojourning in this state, is personally served with papers upon a writ of attachment. A non-resident of this state passing through this state, or temporarily stopping here, who happens to be then personally served with papers in a writ of attachment,

cannot because of this personal service have a greater right than if he had not been so personally served. The requirement of due diligence to endeavor to make personal service wherever possible is established for the protection of the person against whom a claim is made, and not for the purpose of affording him greater rights. While some of the expressions, not necessary to the decisions, in the cases may be taken to mean that a defendant served in this state while temporarily sojourning in the state may vacate an attachment against his property, yet the decisions themselves clearly seem to go no further than the express language of the Code, namely, that the right of attachment exists if the defendant is in fact a non-resident. In *Irwin* v. *Raymond,* 58 Misc. Rep. 319, relied upon by the defendant, it appears that the defendant had a continuous residence in New York for over eight years, and was able to point to certain facts indicating such residence for a substantial portion of that period. The defendant also alleges that the summons was not personally served upon him until two days after the attachment was granted. It appears that the summons was a part of the papers upon which the warrant was issued, and so accompanied the warrant. But, in addition, a copy of the summons was served upon the defendant within two days thereafter, and thus such service was made within the thirty days specified by the Code (§ 638), and the defendant by his attorney also appeared generally upon the same date. Since the cause of action arises upon drafts admittedly accepted by the defendant and thereafter dishonored, the papers upon which the warrant of attachment was granted do show a cause of action as required by the Code (§ 635), and in addition the further affidavits have set forth exact copies of the drafts and notices of protest. Since the court finds as

a fact that the defendant is a non-resident, and had only been in this state for a period of about three weeks prior to the issuance of the warrant of attachment, and that prior to that time he and his wife had clearly made their permanent residence in Spain for a year and four months, with the exception of the month heretofore noted, and since there is a fair inference from the facts set up upon this motion that the defendant is here on a short sojourn, it follows that the motion to vacate the attachment should be denied.

Motion denied.