MAX WULFSOHN and Others, Plaintiffs, v. RUSSIAN SOCIALIST FEDERATED SOVIET OF RUSSIA, Defendant.

Supreme Court, New York Special Term, January, 1922.

Actions — immunity based on comity — unrecognized foreign government is "foreign corporation" within Civil Practice Act, § 7(7), and has no capacity to sue although it is not immune from suit — motion to set aside summons denied — conversion.

The immunity of a foreign government from suit here is based upon international comity.

The Russian Socialist Federated Soviet of Russia, between which and the United States government there is no international comity, is a "foreign corporation" within the meaning of section 7(7) of the Civil Practice Act, and though such foreign government has no capacity to sue in this state it is not immune from suit here.

A motion to set aside the service of the summons in an action for conversion brought against said foreign government and for a dismissal of the complaint denied.

ACTION for conversion. Motion by the defendant to set aside service of summons and to dismiss the complaint.

*Charles Recht (Osmond K. Frankel, of counsel), appearing specially for defendant and motion.*

*Katz & Sommerich (Otto C. Sommerich and Edwin M. Borchard, of counsel), for plaintiffs, opposed.*

GIEGERICH, J. The defendant, in this action for the wrongful conversion of personal property, moves to set aside the service of the summons, which was made by publication, and to dismiss the complaint, upon the authority of the recent decision of the Appellate Division of this department in the case of *Russian Socialist Federated Soviet Republic* v. *Cibrario*, 198 App. Div. 869, in which the court held that the said Soviet government could not sue in this state because it had not been recognized by the United States government as a sovereign state, and, further, upon the affidavit of its counsel that it is not a corporation but is a body politic, a *de facto* government exercising all the usual rights of such governments. From these premises the conclusion is reached that the defendant cannot be sued, *first*, because it is a foreign government and immune from process, and, *second*, because in any case it is not a foreign corporation, and if it is not to be recognized by the courts of this state as a foreign government it is not a legal entity at all. Referring to the first of the defendant's contentions, it is settled that the immunity of a foreign government from suit is not based upon any absolute right by virtue of its sovereignty, but upon international comity (*The Schooner Exchange* v. *McFaddon*, 7 Cranch, 116; *The Santissima Trinidad and The St. Ander,*

7 Wheat. 283, 352, 353; *The Johnson Lighterage Co., No. 24*, 231 Fed. Rep. 365, 368), and as there is no international comity existing between the United States and the Russian Socialist Federated Government, it has no valid claim to such immunity. As to the latter of the defendant's contentions, that it is not a foreign corporation, subdivision 7 of section 7 of the Civil Practice Act defines a foreign corporation in the following terms: " A ' domestic corporation ' is a corporation created by or under the laws of the state, or located in the state, and created by or under the laws of the United States, or by or pursuant to the laws in force in the colony of New York before the nineteenth day of April in the year seventeen hundred and seventy-five.   Every other corporation is a ' foreign corporation.' "   The Court of Appeals in *Matter of Merriam*, 141 N. Y. 479, held that the United States is a government and body politic and corporate, and, as it is not a domestic corporation, it is to be regarded as a foreign corporation within the meaning of section 3343, subdivision 18, of the Code of Civil Procedure, which is the source of section 7, subdivision 7, of the Civil Practice Act.   In the case of *United States* v. *Perkins*, 163 U. S. 625, 631, the United States is referred to as " a purely political or governmental corporation."   Public corporations are defined in 14 Corpus Juris, at page 73, as " such as are created by the people or the government, state or federal, for political or governmental purposes, such as the United States, cities, towns   *   *   *," and it may, therefore, be assumed that the defendant is a foreign corporation within the meaning of subdivision 7 of section 7 of the Civil Practice Act.   The defendant argues that, inasmuch as it has no capacity to sue in this state, it cannot, therefore, be sued.   It does not follow that, because a foreign corporation cannot sue in this state, it is not amenable to process.   Corporations which have not complied with the requirements of the General Corporation Law or the Tax Law cannot sue in this state, but the inhibition does not apply to suits brought against them.   *Howden & Co., Inc.,* v. *American C. & E. Corp.*, 194 App. Div. 164; affd., 231 N. Y. 627. In the present case the inability to sue arises by reason of the non-recognition of the Russian Soviet government by the United States government, but it does not seem that that fact creates any immunity from suit.   For the reasons above stated the motion should in all respects be denied, with ten dollars costs.

Motion denied.