MAX WULFSOHN and Others, Doing Business under the Firm Name and Style of M. WULFSOHN & Co., Respondents, *v.* RUSSIAN SOCIALIST FEDERATED SOVIET REPUBLIC, Appellant.

Second Department, July 21, 1922.

**International law — de facto foreign government, not recognized by this government, may be sued here — immunity from suit comes only with recognition.**

The Russian Socialist Federated Soviet Republic, as the *de facto* government of Russia, is a foreign corporation aggregate and may be sued in this State, and, as it has not been recognized as an existing government by the United States, it is not entitled to immunity from suit given to a sovereign State.

APPEAL by the defendant, Russian Socialist Federated Soviet Republic, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 1st day of May, 1922, denying defendant's motion to vacate a warrant of attachment and to dismiss the complaint.

*Osmond K. Fraenkel* [*Charles Recht* with him on the brief], for the appellant.

*Otto C. Sommerich* [*Maxwell C. Katz* with him on the brief], for the respondents.

RICH, J.:

This appeal is from an order of the Westchester Special Term denying defendant's motion to dismiss the complaint and vacate an attachment in an action brought to recover damages for the seizure of a quantity of furs belonging to plaintiffs at Yakutsk, Siberia, on June 25, 1920. It is shown that on that day the defendant seized and converted to its own use furs belonging to the plaintiffs of the value of $127,935.75. We are not concerned with the merits of the action upon this appeal, and the attachment will be held unless the complaint and affidavits clearly indicate that the plaintiffs must ultimately fail. (*Jones* v. *Hygienic Soap Granulator Co.*, 110 App. Div. 331, 334.) This is not made to appear. There was sufficient evidence to warrant the issuance of the attachment, and the sole questions for determination relate to the appellant's contention that it is a sovereign State and, as such, immune from suit in the courts of this State, and if not a sovereign State, that there is not such an entity before the court as may be made a party defendant. Respondents seek to sustain the attachment on the theory that, as immunity of a sovereign

Second Department, July, 1922. [Vol. 202

State from suit is dependent upon international comity, defendant, not being recognized by the government of the United States, is not entitled to immunity. The attachment is sought to be sustained on the theory that defendant, as an unrecognized foreign government, may be deemed a foreign corporation for the purpose. (Code Civ. Proc. § 3343, subd. 18; Civil Practice Act, § 7, subd. 7.)

I assent to the proposition that every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. ( *Underhill* v. *Hernandez,* 168 U. S. 250, 252; *Oetjen* v. *Central Leather Co.,* 246 id. 297, 303.) A new State springing into existence does not require the recognition of other States, to confirm its *internal* sovereignty, so long as it confines its action to its own citizens, and to the limits of its own territory it may dispense with such recognition. But if it desires to enter into the society of nations, all the members of which recognize rights to which they are mutually entitled and duties which they may be called upon reciprocally to fulfill, such recognition becomes essentially necessary to the complete participation of the new State in all the advantages of this society. Every other State is at liberty to grant or refuse recognition, and until such recognition becomes universal on the part of other States, the new State becomes entitled to the exercise of its *external* sovereignty as to those of the States only by whom that sovereignty has been recognized. (Lawrence's Wheat. Internat. Law [2d Am. ed.], 39.) So the right of immunity of a foreign government from suit is not based upon absolute right by virtue of its sovereignty, but upon international comity. (*The Exchange,* 7 Cranch, 116; *The Santissima Trinidad,* 7 Wheat. 283, 352, 353; *The Johnson Lighterage Co., No. 24,* 231 Fed. Rep. 365–368.)

The principle is stated in *The Parlement Belge* (L. R. [1880] 5 P. D. 197, 217): "We are of opinion that the proposition deduced from the earlier cases in an earlier part of this judgment is the correct exposition of the law of nations, viz., that as a consequence of the absolute independence of every sovereign authority *and of the international comity which induces every sovereign State to respect the independence* of every other sovereign State, each and every one declines to exercise by means of any of its courts, any of its territorial jurisdiction over the person of any sovereign or ambassador of any other State, or over the public property of any State which is destined to its public use, or over the property of any ambassador, though such sovereign, ambassador or property be within its territory, and, *therefore, but for the common agreement,*

subject to its jurisdiction." The defendant has not been recognized by the government of the United States, and for this reason has already been denied the right to maintain an action in our courts. (*Russian Socialist Federated Republic* v. *Cibrario*, 198 App. Div. 869.) For the same reason, it likewise is not entitled to immunity from suit. But this conclusion, argues the learned counsel for the appellant, removes the defendant from the category of legal entities capable of being made a party defendant. The conclusion that it may not be regarded as an entity for the purpose of enforcing responsibility for its wrongs against our citizens does not necessarily flow from the fact of non-recognition and the denial of the right to sue in our courts.

Thus, an individual sovereign as to public matters, sues in a foreign jurisdiction as *a foreign corporation sole.* ( *King of Spain* v. *Hullett,* 7 Bligh [N. S.], 359–388.) In *Emperor of Austria* v. *Day & Kossuth* (3 De Gex, F. & J. 217, 222, 223) the lord chancellor said: " What is meant by the *dictum* that he [a foreign sovereign] can sue in this country? It cannot mean merely that he can sue for injuries affecting his own property or person, for if he were a private individual he could sue in respect of them, and nobody could contend that his being a sovereign would deprive him of the power to do so. *The rule, therefore, must mean that he can sue as a corporation in respect of the rights of the country which he governs.* * * * Each nation must have a head by which it is represented in foreign countries, otherwise it would have no means of asserting abroad civil rights belonging to it in its corporate capacity, or belonging to the mass of its subjects." The United States has been referred to as a body politic and corporate (*Matter of Merriam,* 141 N. Y. 479) — a purely political or governmental corporation ( *United States* v. *Perkins,* 163 U. S. 625, 631; 14 C. J. 73); the States of the Union have been held to be corporations which may sue (*Delafield* v. *State of Illinois,* 2 Hill, 159; *State of Indiana* v. *Woram,* 6 id. 33), and the defendant has been held to be a foreign corporation. (*Wulfsohn* v. *Russian Socialist Federated Soviet,* 118 Misc. Rep. 28.)

It has been settled (*Republic of Mexico* v. *De Arrangois,* 11 How. Pr. 1; affd., 5 Duer, 634) that a foreign government may maintain an action in the New York State courts *in the name of the State as an aggregate body,* and the modes of proceeding in cases of foreign corporations and of other States of the Union may be resorted to for the regulations of the practice. (*State of Yucatan* v. *Argumedo,* 92 Misc. Rep. 547.) It has been said of a recognized foreign government (*Republic of Honduras* v. *Soto,* 112 N. Y. 310) " *that such a being constitutes a legal entity,* capable of acquiring and

enjoying property and protecting itself from injuries thereto in the courts of foreign countries, has long been recognized and established in the tribunals of civilized nations."

It is a matter of common knowledge that the defendant, though not recognized by the government of the United States, is *de facto*, at least, the existing government of Russia, " so as to represent in fact the sovereignty of the nation." (*Williams* v. *Bruffy*, 96 U. S. 176, 185.) But being unrecognized and unacknowledged, it is not entitled to the immunities accorded to recognized governments. Thus, in *Luther* v. *Sagor* (L. R. [1921] 1 K. B. 456; revd., 3 id. 532), ROCHE, J., said that as his government had not recognized the defendant in this action, he was " unable to recognize it, or to hold it has sovereignty, *or is able by decree to deprive the plaintiff company of its property.*" On appeal, after the defendant had been recognized by His Majesty's government, SCRUTTON, L. J., explaining the privileges and immunities accorded on recognition, and the penalty of non-recognition, said: " What the Court cannot do directly it cannot in my view do indirectly. If it could not question the title of the Government of Russia to goods brought by that Government to England, it cannot indirectly question it in the hands of a purchaser from that Government by denying that the Government could confer any good title to the property. *This immunity follows from recognition as a sovereign State. Should there be any government which appropriates other people's property without compensation, the remedy appears to be to refuse to recognize it as a sovereign State. Then the courts could investigate the title without infringing the comity of nations.* But it is impossible to recognize a government and yet claim to exercise jurisdiction over its person or property against its will." In the words of Chief Justice MARSHALL (*United States* v. *Percheman*, 7 Pet. 51, 86): " It may not be unworthy of remark, that it is very unusual, even in cases of conquest, for the conqueror to do more than to displace the sovereign and assume dominion over the country. The modern usage of nations, which has become law, would be violated; that sense of justice and of right which is acknowledged and felt by the whole civilized world would be outraged, if private property should be generally confiscated, and private rights annulled. The people change their allegiance; their relation to their ancient sovereign is dissolved; but their relations to each other, and their rights of property, remain undisturbed."

It is my opinion that the defendant is not entitled to immunity from suit; it is *a foreign corporation aggregate*, and as such, for the time being because it is representing the people of Russia, it is a legal entity, for whose acts the nation is responsible. Like

a foreign corporation which has failed to comply with the requirements of the General Corporation Law and the Tax Law, it cannot sue in our courts but may be sued. (*Howden & Co., Inc.,* v. *American C. & E. Corp.,* 194 App. Div. 164; affd., 231 N. Y. 627.)

The order should be affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., KELLY, JAYCOX and YOUNG, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.